## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JASON RATCLIFF, *et al.*,

    Plaintiffs,

vs.

ERNIE MOORE, *et al.*,

    Defendants.

Case No. 1:05-cv-582

Spiegel, J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR A MANDATORY INJUNCTION (Doc. 42) BE DENIED.

Plaintiff, an inmate at Lebanon Correctional Institution, brings this action claiming that defendants violated his rights under the First and Fourteenth Amendments. This civil action is now before the Court upon plaintiff's motion for injunction (doc. 42) to which defendants have not responded.

Plaintiff seeks an injunction against defendants due to their alleged "failure to respond to plaintiff's notice of lawsuit and request for waiver of services of summons, and return the signed waiver of service of summons within thirty days after the date designated on the Notice and Request was sent." (Doc. 42).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    2.       Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3.       Whether an injunction will cause others to suffer substantial harm; and

    4.       Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

    This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any constitutional deficiencies in the conditions of plaintiff's confinement.

    Moreover, at the time this motion was filed, there is no evidence of record that Plaintiffs properly served Defendants with the summons and complaint (*i.e.,* no returned

executed summons have been filed with the Court in accordance with S.D.Ohio Civ. R. 4.2). Thereafter, on December 8, 2006, the Clerk reissued the summons in this matter and, summons were returned executed on May 15, 2007. (Docs. 44, 51). Thus, the undersigned finds that plaintiff's motion was filed prematurely.

Accordingly, it is therefore **RECOMMENDED** plaintiff's motion for injunction (doc. 42) be **DENIED**.


Date: August 24, 2007                             s/Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JASON RATCLIFF, *et al.*,

    Plaintiffs,                                     Case No. 1:05-cv-582

vs.                                                Spiegel, J.
                                                      Black, M.J.

ERNIE MOORE, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).