# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JASON RATCLIFF, *et al.*,               Case No. 1:05-cv-582

      Plaintiffs,                          Spiegel, J.
                                            Black, M.J.

vs.

ERNIE MOORE, *et al.*,

      Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 71) BE GRANTED; PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT BE DENIED (Docs. 110 & 115); AND PLAINTIFFS' MOTION TO APPOINT COUNSEL AND TO CERTIFY CLASS (Doc. 112 ) BE DENIED**

On May 16, 2008, the undersigned issued a Report and Recommendation (R&R) (Doc. 141) recommending the granting of Defendants' motion to dismiss with respect to Plaintiffs' claims for injunctive and declaratory relief concerning religious accommodation (Doc.71). The undersigned further recommended that any determination of damages with respect to those claims be stayed, pending the resolution of Plaintiffs' religious accommodation claims set forth in a previously filed class action – *Miller, et al. v. Wilkinson, et al.*, Case No. 2:98-cv-275 – which is pending in the Eastern Division of this United States District Court.[2]

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The R&R also recommended that Plaintiffs' motions for partial summary judgement (Docs. 110, 115) and motion to appoint counsel and motion to certify class (Doc 112) should be denied.

Plaintiffs filed objections to the R&R asserting that dismissal of all of their claims was improper, and that only their claims relating to Asatru religious accommodation were duplicative of the claims in *Miller*.  (Docs. 149, 150.)  Additionally, on June 11, 2008, David Goldberger, Esq., counsel for the Plaintiffs in *Miller*, submitted a letter to Judge Spiegel stating that while there are some claims in the instant case that are duplicative of those in *Miller*, there remain issues raised in the instant case that are not duplicative of *Miller*.[3]  Thereafter, on July 9, 2008, Judge Spiegel issued an Order (Doc. 166) referring the matter back to the undersigned for reconsideration in light of the information contained in the letter from David Goldberger, Esq., as well as the objections filed by the Plaintiffs.[4]

Accordingly, upon careful consideration, the previous R&R (Doc. 144) is hereby withdrawn and the undersigned herein enters the following Report and Recommendation clarifying and modifying the previous one.

---

[3]  The undersigned addresses these claims which are not duplicative of those in *Miller* at pp. 9-11 of this R&R (and in footnotes 6 and 7 on page 5).

[4]  Additionally, on July 14, 2008, in light of Judge Spiegel's Order (Doc. 166), as well as a recent decision by the Sixth Circuit, Defendants filed a motion for leave to supplement the record (Doc. 167). The undersigned has considered the matters set forth in that motion in preparing today's R&R, and, accordingly, for good cause shown, the Court grants Defendants' motion for leave to supplement the record (Doc. 167) by separate Order entered today.

# I.

Plaintiffs, inmates in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), bring this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, a failure to accommodate their Asatru religious practices. (Doc. 13.) Plaintiffs include inmates Jason Ratcliff (Southern Ohio Correctional Facility), Darryl Blankenship (Ross Correctional Institution), Jason Hysell (Southern Ohio Correctional Facility), Chris Roy (Marion Correctional Institution), and Jeff Weisheit (Trumbull Correctional Institution). All of these Plaintiffs are also plaintiffs in a previously filed class action – *Miller, et al. v. Wilkinson, et al.*, Case No. 2:98-cv-275 – which is pending in the Eastern Division of this United States District Court.

The Defendants in the present action, as well as in *Miller*, are prison officials. In the present case, Plaintiffs seek declaratory judgment, injunctive relief, and monetary recovery. (Doc. 1, pp. 15-21.)

## BACKGROUND AND FACTS

Plaintiffs' amended complaint, asserts, *inter alia*, the following claims:

- The right to possess and wear a Thor's Hammer
- The right to possess Rune chips
- The right to purchase and possess a drinking horn
- The right to a work proscription on religious holy days
- The right to showings of Asatru videos
- The right to availability of Asatru religious books in the chapel &/or library
- The right to establishment of Asatru study groups
- The right to purchase and possess the "Satanic Bible"
- The right to authorization of the Asatru religion and its literature
- The right to having the requested items not be designated as Security Threat Group contraband

(*See* Doc. 16.)

Similarly, Plaintiffs' claims in the *Miller* case, as outlined by Plaintiffs' class counsel, acknowledge and define the class issues as follows:

- Recognition of Asatru as a bonafide religion and it not being classified by ODRC as a Security Threat Group
- Permission to wear the religious medallion commonly known as the Thor's hammer around the neck on a chain or cord
- Permission to possess a rune set and bag with instruction book
- Permission to possess small statues of Asatru gods and goddesses
- Permission to possess Asatru religious books and religious literature
- Permission to possess an Asatru drinking horn
- Permission to have access to Asatru religious literature in prison libraries
- Permission to possess an Asatru altar
- Permission to possess an Asatru altar cloth
- Permission to possess an 18" ritual Thor's hammer
- Permission to possess a Gandr staff (a wooden staff with the runic alphabet)
- Permission to possess an Asatru Sax (sword) made of wood or strong cardboard
- Permission to possess an Asatru evergreen twig for ceremonial use
- Permission to use a non-alcoholic mead substitute for ritual purposes
- Permission to possess an oath ring and/or sun wheel for ritual purposes
- Permission to possess a casting cloth for religious use
- Permission to possess a ritual bowl known as a blot bowl
- Permission to have access to ritual candles
- Permission to participate in group worship and group study on the same basis as adherents to other religions
- Permission to recognize Asatru holy days and participate in feasts on such days
- Permission to use their religious names
- Permission to grow long hair or shave their heads consistent with their particular stages of religious observance.

(*See* Doc. 71, Ex. B, Proposed Issues for Settlement Letter, dated December 19, 2006).

Here, the Plaintiffs in this case are named plaintiffs and members of the class in *Miller*, which is a non-opt out class certified pursuant to Fed. R. Civ. P. 23(b)(2).  The *Miller* class is defined as "all present and future inmates confined in any institution administered by ODRC who are adherents of the Asatru religion."  *See Miller, et al. v.*

*Wilkinson, et al.*, Opinion and Order, Doc. 101. The Plaintiffs in this case are seeking injunctive relief based on the same claims they have made in *Miller*. Defendants therefore assert that Plaintiffs' Asatru religious accommodation claims for declaratory and injunctive relief in this case should be dismissed, and that their claims for damages should be stayed pending the resolution of *Miller*.

Plaintiffs' amended complaint also contains additional allegations,[5] including claims that the ODRC unconstitutionally establishes Abrahamic religions (Judaism, Christianity, and Islam) as favored or preferred religions to the detriment of non-Abrahamic religions, and that ODRC's rules and policies prohibiting "unauthorized group activity" are selectively enforced against white inmates to suppress and punish disfavored racial, religious and political beliefs. Plaintiffs also assert that the ODRC's Security Threat Group designations violate the Constitution.[6] In response, Defendants maintain that such claims should be dismissed as vague, conclusory, and non justiciable.

Now before the Court is Defendants' motion to dismiss Plaintiffs' claims for failure to accommodate their Asatru religious practices. (Doc. 17).[7] Also before the Court are Plaintiffs' motions for partial summary judgment (Docs. 110, 115) and Plaintiffs' motion to certify class and appoint class counsel (Doc. 112). Each motion will

---

[5] *See* footnote 3, *supra*, at p. 2.

[6] The claim of Plaintiffs Ratcliff and Blankenship concerning the imposition of medical co-payments (which Mr. Goldberger references in his letter to Judge Spiegel) and the claim of Plaintiff Blankenship regarding denial of access to the courts were dismissed on October 19, 2005. (*See* Doc. 13.)

[7] The non-religious denial of recreation claim of Plaintiff Blankenship is excepted from Defendants' motion to dismiss. (*See* Doc. 13-1, pp. 3-4; Doc. 1 ¶ 29.)

be addressed in turn**.**

## DISCUSSION

A.     *Plaintiffs' Asatru Religious Accommodation Claims*
        *Should Be Dismissed.*

The United States Court of Appeals for the Sixth Circuit has recognized that

federal courts should seek to avoid "duplicative litigation." *Smith v. Securities and*

*Exchange Comm'n*, 129 F.3d 356, 360 (6th Cir.1997) (citing *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Where duplicative

federal actions are pending, a federal court may, in the exercise of its discretion, stay one

of the actions, permit both actions to proceed, or enjoin parties from proceeding in one of

those actions.  *Id.*

"In weighing these three options, courts often proceed . . . under the rule of thumb

that the entire action should be decided by the court in which an action was first filed."

*Id.; see also* <u>Manual for Complex Litigation (Fourth)</u>, § 21.42 (2004) ("The judges

involved [in parallel federal litigation] should coordinate to avoid undue burden, expense,

and conflict").  This "first-filed rule" recognizes that the court presiding over the earlier

filed action should generally be permitted to proceed to judgment.  *Zide Sport Shop of*

*Ohio, Inc. v. Ed Tobergate Associates, Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001).  This

deference is particularly warranted where the earlier filed action has been certified as a

class action and addresses state-wide prison policies:

> To allow two or more district [court] judges to issue directions to prison
> officials simultaneously would be to create ... an "inefficient" situation,
> fraught with potential for inconsistency, confusion, and unnecessary
> expense.

*Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987); s*ee also Townsend v. Vasbinder*, 2007 WL 4557715 (E.D. Mich. Dec. 19, 2007).

Deferral to an earlier filed action is appropriate, however, only where the litigation is truly duplicative, *i.e.*, " 'materially on all fours with the other [litigation and having] such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Smith v. Securities and Exchange Comm'n*, 129 F.3d at 360 (quoting *Congress Credit Corp. v. AJC Int'l, Inc*., 42 F.3d 686, 689 (1st Cir.1994)).

Here, Plaintiffs' Asatru religious claims for injunctive and declaratory relief are properly dismissed, and their claims for damages should be stayed pending the outcome of the *Miller* class action, because their claims for religious accommodation in the instant case are the same as their claims in *Miller.  See Johnson v. O'Donnell*, 2001 WL 34372892, at *6-7 (W.D. Wis. Aug. 24, 2001) (case stayed as to the merits of the inmates' claims concerning prison conditions because they were members of a pending class action in which those same claims were already being considered).

Although Plaintiffs contend that the instant case has some factual differences and different named Defendants, the undersigned agrees with Defendants that such differences are of no consequence because of the nature of the system-wide relief sought in *Miller.  See Eberle v. Wilkinson,* Case No. 2:03-cv-272 , 2008 WL 886138, at *2-3 (S.D. Ohio March 28, 2008) (the trial judge characterized *Miller* as addressing the "department's system-wide policy" and therefore concluded "that the claims asserted by plaintiff Blankenship in this action [*Eberle v. Wilkinson*] are subsumed in the class claims

-7-

asserted in *Miller* and that the claims asserted by him in this action [*Eberle v. Wilkinson*] are truly duplicative of the claims asserted by the class in *Miller*.").  Further, as noted above*, Miller* involves class claims seeking system-wide relief for a non-opt-out class of plaintiffs, including all Plaintiffs in this case.

Accordingly, under these circumstances, and in consideration of judicial economy and of the parties' legitimate interest in avoiding undue burden and expense, Plaintiffs' ten Asatru religious claims for injunctive and declaratory relief, as delineated above, should be dismissed because their requests for relief are being addressed in the *Miller* case.  *See Eberle*, *supra*, 2008 WL 886138, at *4.  Furthermore, Plaintiffs' claims for damages in this case should be stayed.  As noted by Defendants, by issuing such a stay, this Court will preserve Plaintiffs' right to recover damages in the event the Court finds a violation of their constitutional rights in *Miller*.

Furthermore, for the same reasons stated herein, Plaintiffs' motion to appoint counsel and motion to certify class (Doc. 112) should also be denied.  Plaintiffs have filed these motions notwithstanding that they are members of the certified class in *Miller* and are represented by counsel in that case.  There is no need to certify a class nor to appoint counsel in this case as the claims in this case are duplicative of the class claims in *Miller*. *See Smith, supra,* 129 F.3d at 360.

> B.    *Plaintiffs' Non-Religious Accommodations Claims*
>        *Should Also Be Dismissed.*

As noted above, Plaintiffs' amended complaint further asserts that the ODRC unconstitutionally establishes Abrahamic religion (Judaism, Christianity, and Islam) as

favored or preferred religions to the detriment of non-Abrahamic religions, and that ODRC's rules and policies prohibiting "unauthorized group activity" are selectively enforced against white inmates to suppress and punish disfavored racial, religious and political beliefs. Plaintiffs also assert that the ODRC's Security Threat Group designations violate the Constitution.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *see also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S.Ct. at 1969. Nevertheless, the plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965; s*ee also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not

bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences").  The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).  That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly,* 127 S.Ct. at 1965 (citations omitted).  Thus, while the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Twombly,* 127 S.Ct. at 1974.  Moreover, "[i]n the context of a civil rights claim, ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bey v. Rutter,*  524 F.3d 789, 796 (6th Cir. 2008); quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996).

Here, the allegations contained in Plaintiffs' complaint with respect to the non-relifious claims lack any factual allegations in support of the claims.  Instead, Plaintiffs simply assert that such ODRC polices are unconstitutional and selectively enforced based on race and/or religion, without reference to specific factual allegations and/or circumstances surrounding the alleged constitutional infringements.  As noted by Defendants, Plaintiffs' allegations do not link with any particular Defendant, nor do they include basic information such as: who, what, when or where.  Accordingly, upon careful

-10-

review, the undersigned finds that the allegations in this category fail to state a claim

under Fed. R. Civ. P. 12(b)(6), and, therefore, recommends that they be dismissed.

> C.    *Plaintiffs' Motions For Partial Summary Judgment (Docs. 110, 115) Should Be Denied.*

Plaintiffs assert that they are entitled to summary judgment on their claims that

ODRC's policies regarding recognition of names changes and work proscriptions are

overbroad and unconstitutionally vague and that ODRC's policies regarding

"unauthorized group activity" are likewise unconstitutional.  (*See* Docs. 110, 115.).

A motion for summary judgment should be granted if the evidence submitted to

the Court demonstrates that there is no genuine issue as to any material fact, and that the

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 247 (1986).  Under Federal Rule of Civil Procedure 56(c), a grant of summary

judgment is proper if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

of material fact and [that] the moving party is entitled to judgment as a matter of law."

*Satterfield v. Tennessee*, 295 F.3d 611, 615  (6th Cir. 2002).  The Court must evaluate the

evidence, and all inferences drawn therefrom, in the light most favorable to the

non-moving party.  *Satterfield,* 295 F.3d at 615; *Matsushita Elec. Industrial Co., Ltd. v.*

*Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enterprises, Inc. v. OPPC, LLC*,

219 F.3d 547, 551 (6th Cir. 2000).

To ensure that the courts accord prison officials the appropriate deference in handling the problems of prison administration, the Supreme Court has formulated a "reasonableness" test for determining whether prison policies or regulations unconstitutionally infringe prisoners' rights. *O'Lone,* 482 U.S. at 349. The policies or regulations will be considered valid even if they impinge on prisoners' constitutional rights as long as they are "reasonably related to legitimate penological interests." *Turner,* 482 U.S. at 89; *see also O'Lone*, 482 U.S. at 349.

Here, Plaintiffs' motions contain only conclusory statements that the above referenced polices violate their rights under the First and Fourteenth Amendments. Furthermore, Plaintiffs do not provide any evidence or argument that the policies in question are unreasonably related to legitimate penological interests. Thus, Plaintiffs have failed to establish that there are no genuine issues as to any material fact with respect to these claims, and that the they are entitled to judgment as a matter of law. Based upon the foregoing, the undersigned finds that Plaintiffs' motions (Docs. 110, 115) are not well-taken and recommends that they be denied.

## CONCLUSION

Accordingly, it is therefore **RECOMMENDED** that Defendants' motion to dismiss (Doc. 71) be **GRANTED**, such that Plaintiffs' claims for injunctive and declaratory relief concerning religious accommodation (as outlined on page 3 herein) be **DISMISSED**, and that any determination of damages under these claims be **STAYED** pending the resolution of Plaintiffs' religious accommodation claims in *Miller*. It is further **RECOMMENDED** that Plaintiffs' alleged non-religious accommodations claims be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6), and it is further **RECOMMENDED** that Plaintiffs' motions for partial summary judgment (Docs. 110, 115) and motion to appoint counsel and to certify class (Doc 112) be **DENIED**.

Date: October 1, 2008                     **s/Timothy S. Black**
                                          Timothy S. Black
                                          United States Magistrate Judge

-13-

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JASON RATCLIFF, *et al.*,

      Plaintiffs,                              Case No. 1:05-cv-582

vs.                                       Spiegel, J.
                                               Black, M.J.

ERNIE MOORE, *et al.*,

      Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).