UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON RATCLIFF, et al., :
: NO. 1:05-CV-00582
   Plaintiffs, :
: **OPINION AND ORDER**
:
   v. :
:
:
ERNIE MOORE, et al., :
:
   Defendants. :

This matter is before the Court on the Magistrate Judge's October 1, 2008 and October 15, 2008 Report and Recommendations (docs. 174, 181), Plaintiff's Objections (docs. 180, 185, 193), Defendant's Response (doc. 196), and Plaintiff's Sur Reply (doc. 198). For the reasons stated herein, the Court AFFIRMS the Report and Recommendations, DENIES Plaintiffs' motions for Partial Summary Judgment (docs. 82, 96, 110, 115), motion to Appoint Counsel (doc. 112), motion for a Preliminary Injunction (doc. 81), and Brian Timms' motions to Join (docs. 83, 97), and GRANTS Defendants' Motion to Dismiss (doc. 71) and motion for Partial Summary Judgment (doc 124).

**I. Background**

Plaintiffs, Jason Ratcliff (Southern Ohio Correctional Facility), Darryl Blankenship (Ross Correctional Institution), Jason Hysell (Southern Ohio Correctional Facility), Chris Roy (Marion Correctional Institution), and Jeff Weisheit (Trumball

Correctional Institution), prisoners in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), filed this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, a failure to accommodate their Asatru religious practices, seeking declatory judgment, injunctive relief, and monetary recovery (doc. 1). In response, Defendants maintain that such claims and motions should be dismissed as vague, conclusory, and nonjusticiable (doc. 71). On May 16, 2008, the Magistrate Judge entered his Report and Recommendation, recommending that Defendants' motion to dismiss (doc. 71) be granted; Plaintiffs' motions for partial summary judgment (docs. 110, 115) be denied; and Plaintiffs' motion to appoint counsel and certify class (doc. 112) be denied (doc. 144). After this Court referred the matter back to the Magistrate Judge requesting that he reconsider his May 16, 2008 Report and Recommendation in light of information contained in a letter from Plaintiff's counsel in another case, as well as Plaintiff's objections, the Magistrate Judge withdrew his previous Report and Recommendation and entered a new one dated October 1, 2008 addressing the same motions (doc. 174).

The Magistrate Judge entered an additional Report and Recommendation (doc. 181) on October 15, 2008, addressing Plaintiff Blankenship's motions for injunctive relief (doc. 81) and partial summary judgment (docs. 82, 96); Brian Timms' motions to join (docs. 83, 97); and Defendants' motion for partial summary judgment

(doc. 124). Each Report and Recommendation and the objections and responses thereto will be discussed in turn.

**II. October 1, 2008 Report and Recommendation**

In his October 1, 2008 Report and Recommendation, the Magistrate Judge first considered Defendants' motion to dismiss Plaintiffs' claims regarding their Asatru religious practices (doc. 174).[1] The Magistrate Judge determined that Plaintiffs' claims should be dismissed, reasoning that each Plaintiff is also a Plaintiff in <u>Miller, et al. V. Wilkinson, et al.</u>, Case No. 2:98-cv-275, a previously filed class action lawsuit currently pending in the Eastern Division of this United States District Court, and that Plaintiffs' claims in this case are substantially the same as the claims in <u>Miller</u> (doc. 174).

In support of this conclusion, the Magistrate Judge, recognizing the federal courts desire to avoid "duplicative litigation," cited <u>Zide Sport Shop of Ohio, Inc. V. Ed Tobergate Associates, Inc.</u>, 16 Fed. Appx. 433, 437 (6th Cir. 2001), noting the "first-filed rule" that the court presiding over the earlier filed action should generally be permitted to proceed to judgment. The Magistrate Judge further acknowledged that "deferral to the earlier filed action is appropriate, only where the litigation is truly duplicative," such that a "determination in one action leaves

---

[1] Plaintiff Blankenship's non-religious denial of recreation claim is excepted from Defendants' motion to dismiss (doc. 71).

-3-

little or nothing to be determined in the other". Smith v. Securities and Exchange Comm'n, 129 F.3d 356, 360 (6th Cir. 1997). In considering Plaintiffs' contention that the instant case has some factual differences, the Magistrate Judge concluded that because of the nature of the system wide relief sought in Miller, the differences here are of no consequence (Id.).

Similarly, the Magistrate Judge denied Plaintiffs' motions to appoint counsel and certify class, and stayed Plaintiffs' claims for damages preserving their right to recover if the Miller Court finds a constitutional violation (doc. 174). Citing the standard for a dismissal under Fed. R. Civ. Pro. 12(b)(6), the Magistrate Judge found that the Plaintiffs' allegations with respect to the non-religious claims lack any supporting factual allegations, and simply assert that ODRC's policies unconstitutionally favor Abrahamic religions (Judaism, Christianity, and Islam) to the detriment of non-Abrahamic religions, and that ODRC's "Security Threat Group" designations violate the Constitution (Id.). However, as the Magistrate Judge acknowledged, these allegations "do not link with any particular defendant, nor do they include basic information such as: who, what, when or where" (Id.).

The Magistrate Judge next considered Plaintiffs' motions for partial summary judgment and concluded that they should be denied (Id.). The Magistrate Judge found Plaintiffs' contentions

that the ODRC's policies are overbroad and unconstitutionally vague, conclusory, and failed to meet the Supreme Court's "unreasonableness" standard for determining whether prison policies or regulations unconstitutionally infringe prisoners' rights (Id.). Therefore, the Magistrate Judge concluded Plaintiff failed to establish that there are no genuine issues of material fact with respect to these claims, and further recommended they be dismissed (doc. 174.).

**A. Plaintiffs' Objections**

Plaintiffs filed a timely objection to the Report and Recommendation, primarily reasserting their original claims and arguing that the Magistrate Judge's recommended dismissal is incorrect because, as Pro Se Plaintiff's they met the liberal construction requirements under Fed. R. Civ. Pro. 8(a) (doc. 180). The Plaintiffs further aver that the Magistrate Judge erroneously recommended denial of Plaintiffs' two motions for Summary Judgment, arguing that the Magistrate failed to adequately examine the full record and that Plaintiffs established that there are no genuine issues of material fact because the policies in question are not reasonably related to legitimate penological interests (Id.). In addition, Plaintiffs argue that because the Magistrate Judge only recommended that their partial summary judgment motions be denied, he did not dismiss their claims, and as such, they should be allowed to proceed (Id.). Lastly, in Plaintiffs' supplemental

objections to the Report & Recommendation, Plaintiffs argue that dismissal of their allegedly "duplicative" religious claims is incorrect, citing Defendants contradictory positions taken in the <u>Miller</u> case and in this Court (doc. 193). Plaintiffs assert that in the interest of fair play and justice, they should be allowed to bring these claims now, in this Court because they are not "entirely duplicative" of those brought in the <u>Miller</u> case (<u>Id</u>.). On October 14, 2008 when Plaintiffs filed a motion with the <u>Miller</u> Court to present their religious claims in this case, the Defendants responded by arguing that these religious claims should not be litigated in Miller because they are different claims, or Plaintiffs are attempting to add new claims (doc. 193). It appears that Plaintiffs primarily assert that Defendants are intentionally attempting to prevent them from arguing these allegedly new religious claims in either court system and in the interest of justice, should be allowed to continue this litigation to present these claims (<u>Id</u>.).

**B. Defendants' Response**

Defendants' response to Plaintiffs' objections urge this Court to adopt the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge properly distinguished those claims that are appropriate for this case and those that should be stayed or dismissed in order to be litigated in the earlier-filed class action of <u>Miller</u> (doc. 196). Asserting that once the claims

have been sorted out, as was done by the Magistrate Judge, the claims that remain in this case should be dismissed as vague, generalized, and conclusory (Id.). Primarily, Defendants point to Plaintiffs' claims regarding unconstitutional establishment of Abrahamic religions, selective enforcement of the "unauthorized group activity" policy, equal protection, and free speech and political association, contending that they "were devoid of any factual allegations or support" (Id.). Citing a recent Sixth Circuit case, Defendants argue that "[I]n the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factualy allegations fail to state a claim." Harden-Bey v. Rutter, 524 F.3d 789, 796 (6th Cir. 2008), quoting Lillard v. Shelby Bd. Of Educ., 76 F.3d 716,726 (6th Cir. 1996).

**C. Plaintiffs' Reply**

The Plaintiffs' reply primarily reasserts their argument that the religious claims should not be dismissed as duplicative of those in the Miller case (doc. 198). Plaintiffs further argue that because the Defendants failed to respond to their specific objections regarding their allegedly conflicting positions in this court and in the Miller court regarding the Plaintiffs' religious claims this Court should not adopt the Judge's Report and Recommendation (Id.).

**D. Discussion**

The Court finds Plaintiffs' objections misplaced and without merit. First, Plaintiff's objections to the dismissal of their religious accommodations claims are unwarranted because as the Magistrate Judge correctly found, the Plaintiffs' claims in this action are "truly duplicative" of those in an earlier filed class-action involving only minor factual differences. The Defendants' arguments in the Miller Court as to the nature of the religious claims in this case are immaterial, and Plaintiffs' objections thereto are vague and speculative at best. This Court agrees with the Magistrate and the Defendants' that notwithstanding the minor differences between the two cases, dismissal is appropriate here because of the "nature of the system-wide relief sought" in Miller (doc. 174). Here, because Plaintiffs are all part of the non-opt-out class in the first-filed action (Miller) and are represented by counsel in that case, the Plaintiffs would suffer no harm or prejudice in not being allowed to proceed on the same claims in this Court. The Court finds that in the interest of judicial economy and Defendants' ability to formulate a system-wide policy in accommodating such religious beliefs, "the court in which an action was first filed" should resolve all the issues presented by the separate actions. Eberle v. Wilkinson, Case No. 2:03 -cv-272, 2008 WL 886138, at 2-3 (S.D.Ohio March 28, 2008) (citing Smith v. Securities and Exchange Comm'n, 129 F.3d at 360).

This Court further agrees with Defendants' that the non-religious claims remaining are conclusory and generalized (doc. 196). Plaintiffs argument that the Magistrate Judge merely recommended denial of their partial summary judgment motion with regard to certain of these non-religious claims, and therefore they should be allowed to proceed on such claims is misplaced (doc. 198). In the Report and Recommendation the Magistrate Judge recommended dismissal of all "non-religious" claims, which includes all such non-religious claims regarding ODRC's policies on recognition of name changes and work proscriptions, stating that "the allegations in this category fail to state a claim" and should be dismissed (Id.). The Court agrees that such claims lack any factual foundation or the necessary allegations to support the claims, and therefore, fail to state a claim upon which relief can be granted and should be dismissed.

**III. October 15, 2008 Report and Recommendation**

The Magistrate Judge's second Report and Recommendation before this Court addressed the remaining claims that are not considered duplicative of those presented in Miller, namely, Plaintiff Blankenship's 42 U.S.C. § 1983 action, seeking injunctive, declaratory, and monetary relief against several state prison officials and employees for alleged violations of his First, Eighth, and Fourteenth Amendment rights (doc. 181).

The Magistrate Judge first considered Plaintiff's motion

-9-

for a preliminary injunction requiring Defendants to permit him to possess excess legal materials within his cell and concluded that the motion be denied (doc. 181). In so concluding, the Magistrate Judge properly recognized the factors to be balanced in determining whether to issue a temporary restraining order:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

(doc. 181, citing U.S. v. Bayshore Associates, Inc., 934 F.2d 1391, 1398 (6th Cir. 1991)). In balancing these factors, the Magistrate Judge found that Plaintiff failed to allege facts indicating a substantial likelihood of success on the merits or that he would suffer irreparable harm absent a preliminary injunction, and that monetary or economic harm alone does not constitute such harm (Id.). Additionally, the Magistrate concluded that the purpose of a preliminary injunction is preserving the status quo, and in this case, such a purpose would not be served because Plaintiff presently seeks an Order from the Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven, and such relief is beyond the scope and purpose of a preliminary injunction (Id.).

The Magistrate Judge next considered Plaintiff's motion for partial summary judgment in order to prevent Ross Correctional

Institution (RCI) employees from enforcing ODRC excess legal materials policy, and concluded it should be denied because Plaintiff cannot show with specificity how his constitutional rights have been impinged by RCI's policy (Id.). In support of this motion, Plaintiff argued that a prison regulation restricting access to excess legal materials once every 30 days is unconstitutional because he is hindered in his legal research and ability to litigate his own case as well as another inmate, Mr. Mann's case (doc. 82). Plaintiff argued that because other RCI policies exempt the 2.4 cubic foot space in-cell property storage limits for some property, the policy limiting his storage space for legal materials is unfair (Id.). Plaintiff further argued that because he is a Plaintiff in this case and two other pending cases, and is helping Mr. Mann in his lawsuit, he needs to be free from the excess legal materials policy (Id.). Defendants challenged this motion however, asserting that there are genuine issues of material fact as to whether Plaintiff was denied access to the court and whether the policy was related to a legitimate penological interest (doc. 181).

The Magistrate Judge, applying the proper summary judgment standard of review, herein incorporated, considered each of these arguments and agreed with the Defendants, concluding that the Plaintiff must demonstrate an actual injury in order to succeed on his constitutional violation claim, and has failed to do so here

because he is allowed access to his legal locker box and his cell locker box whenever necessary for litigation (doc. 181). Moreover, the Magistrate Judge concluded that because Plaintiff is represented by counsel in the other two lawsuits, his ability to pursue litigation is not hindered by his limited access to in-cell storage of his litigation materials (Id.). Finally, the Magistrate concluded that it is against ODRC policy to possess the legal materials of another inmate, and as such, the Plaintiff is not injured by his inability to possess these materials in excess of his permitted in-cell legal materials (Id.).

Next, the Magistrate Judge considered the parties' cross motions for summary judgment on Plaintiff's Eighth Amendment denial of exercise claim (Id.). Plaintiff Blankenship alleged that in 2004 he was required to remain in his cell and was denied recreation, absent medical justification (doc. 13). The Magistrate Judge correctly cited the rule regarding cruel and unusual punishment in violation of the Eighth Amendment, as involving prison conditions that constitute the "wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In this case, where the alleged violation involves the deprivation of access to exercise or recreation, the inmate must show that the prison officials acted with deliberate indifference requiring proof that the official was "subjectively aware" of the risk of harm to the inmate. Farmer v. Breenan, 511 U.S. 825 (1994). With regard

to this claim, the Magistrate Judge found that Plaintiff failed to prove or argue that any Defendant acted deliberately indifferent to his health or safety (doc. 181). Here, Plaintiff voluntarily went on a religious hunger strike and he therefore requested a medical lay-in, requiring him to remain in his current cell placement and wear a red medical bracelet or "red band," identifying the inmate as medically restricted and not permitted to or forced to work, exercise, or recreate (Id.). The Magistrate Judge further found that it is the prison's policy that when the medical restriction expires, the inmate bears the responsibility of getting the red band removed (Id.). The Magistrate Judge found that the record indicated Plaintiff continued his religiously motivated hunger strike and further indicated that he would refuse medical treatment when the Prison medical staff indicated that he needed additional medical evaluation (Id.). The record indicates that after July 20, 2004, the first time Plaintiff complained of his medical cell isolation was on September 14, 2004, at which time his red band was removed, making him re-eligible for normal activity (Id.).

The Defendants asserted and the Magistrate Judge agreed, that any failure on the part of the prison medical official to remove the band was "at most [an] inadvertent oversight and not deliberate indifference" (doc. 181). The Magistrate Judge, concluded that Defendants were entitled to qualified immunity because Plaintiff had not shown either a constitutional violation

nor that what Defendants did was "objectively unreasonable" in light of clearly established law. See Dickerson v. McClellan, 101 F.3d 1151, 1157-1158 (6th Cir. 1996). Therefore, the Magistrate Judge recommended summary judgment in favor of Defendants on Plaintiff's Eighth Amendment violation claim (Id.).

Lastly, the Magistrate Judge considered Brian Timms' motions to join in Plaintiff Blankenship's denial of exercise claim and concluded that his motion should be denied (Id.). The Magistrate Judge correctly noted that if summary judgment is entered in favor of Defendants on Plaintiff's denial of exercise claim, Timms' motion may be denied as moot (Id.). Notwithstanding, however, the Magistrate Judge considered Timms' motion on the merits and concluded that it should be denied because it fails the "same transaction or occurrence" standard set forward in Fed. R. Ci. Pro. 20(a)(1), governing Joinder (Id.). Citing McCormick v. Mays, 124 F.R.D. 164 (S.D. Ohio 1988), the Judge noted that even though the terms "transaction or occurrence" are given broad and liberal interpretation, "mere factual similarity is not sufficient to compel joinder" (Id.). Here, because Plaintiff Blankenship's claim arises out of a 2004 incident in which his alleged injury arose out of improper operation of medical lay-in practice, while Timms' alleged injury arises out of a 2005 incident involving a properly operated medical lay-in, the Magistrate concluded that "the difference between parties, time frames, and circumstances

makes joinder improper under Rule 20" (doc. 181).

   **A. Plaintiff's Objections**

Plaintiff Blankenship objects to the Magistrate Judge's Report and Recommendation, asserting first, with respect to his denied access to legal materials claim, that in denying Plaintiff's motions for injunctive relief and partial summary judgment, the Magistrate Judge ignored Plaintiff's sworn testimony and relied on Defendants' allegedly untruthful claims as to the dates and times the Plaintiff was allowed access to his legal materials (doc. 185). Plaintiff essentially claims that his legal materials should be exempt from the prison policy limiting property stored in cells to 2.4 cubic feet (Id.).

Next, Plaintiff objects to the Judge's finding that his motion for summary judgment on his denial of exercise and recreation claim should be denied, arguing that he did not fail to return to the infirmary to have his medical idle status removed, and that it was not within his control or responsibility to do so (Id.). Plaintiff further asserts that the Defendants were not merely negligent in failing to remove his medical idle status, rather it was a deliberate attempt to keep him on such status to "frustrate legal action" (Id.). Lastly, Plaintiff argues that the Magistrate Judge ignored the Wilson Court's finding that the deprivation of exercise can rise to the level of cruel and unusual punishment, and that the prison's policy denying medical idle

-15-

status to inmates exercise without regard to the specific medical condition of each, is unconstitutional (Id.).

   **B. Defendants' Response**

Defendants respond to Plaintiff's objections by re-arguing that they presented evidence proving that Plaintiff was allowed access to legal materials at least once every 30 days and more often if necessary (doc. 196). Defendants further argue that the Magistrate Judge correctly found that Plaintiff failed to demonstrate an actual injury or any violation of a constitutional right and therefore summary judgment for the Defendants is proper (Id.).

Next, Defendants reply to Plaintiff's objection with regard to his denial of exercise claim, primarily urging this Court to adopt the Magistrate Judge's Report and Recommendation, and grant Defendants' motion for summary judgment (Id.). Defendants argue that because Plaintiff was put on medical idle status due to his voluntary hunger strikes, and his status was further prolonged as a direct result of such strikes, it was his responsibility to see that his status was removed and he did not fulfill that responsibility until September 14, 2004, at which time his medical idle status was in fact removed (Id.). Defendants assert that Plaintiff has failed to provide any evidence contradicting these facts, and that any inconvenience created was by his own making, unattributable to any deliberate indifference on their part (Id.).

-16-

### C. Plaintiff's Reply

Plaintiffs reply by again asserting that the Defendants failed to respond to the Plaintiffs' objections to the recommended dismissal of the unconstitutional ODRC policies (doc. 198). Plaintiff further argues that the record reflects Defendants were fully aware of his medical idle status and still "deliberately" failed to take him off such status as a "ruse" to attempt to persuade the courts that Plaintiff should not be eligible for religious work proscription because such medical idle status prohibited him from working (doc. 198).

### D. Discussion

After thoroughly reviewing this matter, the Court finds Plaintiff's objections without merit. Regarding Plaintiff Blankenship's denial of access claim, the Magistrate Judge correctly found that genuine issues of material fact as to whether Blankenship was denied access to the court as a result of the excess legal materials policy, and as to whether the regulation is reasonably related to a legitimate penological interest (doc. 181). Therefore, Plaintiff is not therefore entitled to summary judgment on this claim.

Further, Plaintiff's objections to the Report and Recommendation regarding his denial of exercise claim are unfounded. As both the Magistrate Judge and Defendants' pointed out, Plaintiff voluntarily engaged in religious hunger strikes, was

put on medical idle status because of said hunger strikes, refused medical treatment and continued hunger strikes, all of which resulted in extension of his medical idle status (Id.). The record makes clear Plaintiff's voluntary involvement in the activities in which resulted in his medical idle status to begin with, and any deprivation of exercise rights was not attributable to any "deliberate indifference" on the part of the Defendants as evidenced by their expedient removal of Plaintiff's medical band once notified of his eligibility for such removal (Id.). The Defendants argued and this Court agrees, that they should not be held responsible for Plaintiff's choice to embark on hunger strikes, to refuse treatment, or to fail to report to the medical department for removal of medical band and medical idle status (doc. 196). Furthermore, the Court agrees with the Magistrate Judge that Defendants are entitled to qualified immunity on this claim because Plaintiff has not shown either a constitutional violation nor that what Defendants did was "objectively unreasonable" in light of clearly established law. See Dickerson v. McClellan, 101 F.3d 1151, 1157-1158 (6th Cir. 1996).

This Court further agrees that Brian Timms' motion to Join should be denied, because "the difference between parties, and time frames and circumstances makes joinder improper" (doc. 181). This Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and correct. Plaintiff's denial of exercise

claim should therefore be dismissed and the only remaining issue in this case is Plaintiff Blankenship's claim alleging an unconstitutional ODRC policy regarding excess legal materials.

**IV. Conclusion**

Having reviewed this matter de novo pursuant to 28 U.S.C. 636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendations in their entirety (docs. 174, 181), and thus the Court:

1) GRANTS Defendants' motion to dismiss (doc. 71), and thus DISMISSES Plaintiffs' claims for injunctive and declaratory relief concerning religious accommodation, but STAYS any determination of damages pending the resolution of Plaintiffs' religious accommodation claims in Miller; and DISMISSES Plaintiffs' non-religious accommodations claims pursuant to Fed. R. Civ. P. 12(b)(6);

3) DENIES Plaintiffs' Motions for partial summary judgment (docs. 110, 115);

4) DENIES Plaintiffs' Motion to appoint counsel and to certify class (doc. 112);

5) DENIES Plaintiff Blankenship's Motions for Preliminary Injunction (doc. 81), and Motions for Partial Summary Judgment (docs. 82, 96);

6) DENIES Brian Timms' Motions to Join (docs. 83, 97);

7) GRANTS Defendants' Motion for Partial Summary Judgment

on Plaintiff Blankenship's denial of exercise claim (doc. 124).

Therefore, the only issue remaining in this case is Plaintiff Blankenship's claim of denial of access to the courts due to an allegedly unconstitutional ODRC policy regarding excess legal materials.

Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: _____          _____
                           S. Arthur Spiegel
                           United States Senior District Judge