# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JASON RATCLIFF, *et al.*,

    Plaintiffs,

vs.

ERNIE MOORE, *et al.*,

    Defendants.

Case No. 1:05-cv-582

Spiegel, J.
Black, M.J.

## REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 207) BE GRANTED AND THIS CASE CLOSED

This civil action is now before the Court on Defendants' motion for summary judgment as to Plaintiff Blankenship's injunctive and declaratory claim for in-cell possession of his legal materials (Doc. 207) and the parties' responsive memoranda (Docs. 210, 214.)

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Blankenship's complaint makes a claim for denial of access to legal materials relating to grievances and Informal Complaints he filed in April and June 2005 as to the involvement of April Barr and (former) Warden Ernie Moore's in the removal of legal materials from Blankenship's cell at Lebanon Correctional Institution (LeCI). (*See* Doc. 1, p. 15 at ¶¶ 32-33.)

Blankenship requested partial summary judgment in order to prevent RCI

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

employees from enforcing the ODRC excess legal materials policy (59-LEG-01) against him; Blankenship wanted to store his excess legal materials in his cell in the same way that a television, radio, guitar, or other exempt property items are allowed to be stored. (Doc. 82, p.2). Blankenship alleges that a prison regulation restricting access to excess legal materials once every thirty days is unconstitutional. (*Id*. at p.1)

However, Blankenship was required to store his excess legal materials in a legal locker box in a vault, and he had access to these materials at least once every thirty days, and more often if necessary. (Docs. 84 & 85, Declaration of Cassie Johnson, Exhibit A).

Blankenship alleges that 59-LEG-01 is unfair considering that ODRC policy 61-PRP-01 VI (A)(3) and OAC 5120-9-33 (B) authorize exemptions to the 2.4 cubic foot in-cell property storage limits for some property such as televisions, radios, fans, shoes, and guitars. (*Id*.) He maintains that he needed to be free from the excess legal materials policy because he is a plaintiff in this case, *Eberle v. Wilkinson*, C2-03-272, and *Miller v. Wilkinson*, C2-98-275, and because he was helping another inmate, Brian Mann, with *Mann v. Wilkinson*, C2-00-706, Mr. Mann's lawsuit. (*Id*.) Blankenship stated that he had a right to possess all his legal materials in his cell because he was hindered in his legal research and ability to litigate his own cases and Mr. Mann's case. (*Id.*)

Blankenship filed motions for preliminary injunctive relief and for partial summary judgment on his claim which sought to invalidate ODRC's rules and policies concerning in-cell possession of property including legal materials. (Docs. 81 and 82).

The Court denied Blankenship's motion for partial summary judgment on

possession of legal materials. (Doc. 206). The Court noted that the injunctive and declaratory claim regarding in-cell possession of legal materials is the only issue remaining in the case. (Doc. 206). Defendants therefore move for summary judgment.

Blankenship was released from prison April 23, 2009, and he has filed notice with the Court of this fact. (Doc. 202). Among other contentions, Defendants contend that Blankenship's release from prison renders the issue moot.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Where the movant has made a properly-supported summary judgment motion, the opposing party cannot simply rely upon the allegations or denials of his pleadings. *Anderson*, 477 U.S. at 248. However, a court need not give credence to "mere allegations" nor draw inferences where they are implausible or not supported by "specific facts." *Id.* at 249; *see also Mitchell v. Toledo Hosp.,* 964 F.2d 577, 585 (6th Cir.1992).

Furthermore, "self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment." *Wolfe v. Village of Brice*, 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999) (citing *Anderson*, 477 U.S. 242). Thus, the law is clear: conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

Finally, while the pleadings of *pro se* litigants are liberally construed, the fact that a plaintiff is "proceeding *pro se* does not otherwise relieve [him] from the usual requirements of summary judgment." *Bussey v. Phillips*, 419 F. Supp.2d 569 (S.D.N.Y. 2006) (quoting *Fitzpatrick v. N.Y. Cornell Hosp.*, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003).

## III.  ANALYSIS

Defendants maintain that Blankenship has failed to establish violation of his constitutional right to access to courts.[2]  The undersigned agrees.

### A.  *Blankenship has failed to demonstrate an actual injury*.

In order for Blankenship to succeed on his claim of violation of his constitutional right to access to courts, he must demonstrate an actual injury. *Lewis v. Casey*, 518 U.S.

---

[2] On April 23, 2009, several years after Plaintiff filed his complaint, he was released from prison. (Doc. 202). Therefore, any claims Plaintiff may have had for injunctive or declaratory relief arising out of the conditions of his confinement are now moot. Article III jurisdiction of the federal courts "extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Michigan High School Athletic Association, Inc*., 119 F.3d 453, 458 (6th Cir. 1997) (en banc). *See also Bowman v. Corrections Corp. of America*, 350 F.3d 537, 550 (6th Cir. 2003).

343, 350-352 (1996). "[A]n inmate cannot establish a relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Id* at 351. Thus, Defendants are entitled to summary judgment in the absence of a showing of actual harm or upon the existence of a dispute as to this fact.

This Court has already found that Blankenship failed to demonstrate an actual injury. (*See* Doc. 206) Thus, Defendants maintain that he may not therefore challenge the constitutionality of the prison regulation concerning storage of excess legal materials.

Notably, Blankenship had access to his excess legal materials more frequently than every thirty days. (*Id.* at ¶¶4-11) Thus, he was not prevented from accessing the court or his excess legal materials. Moreover, he had the ability to access the legal locker box when he had an impending deadline. (*Id.* at ¶8)

Second, the fact that Blankenship was a plaintiff in three lawsuits and aiding another inmate in that inmate's lawsuit did not change the nature of Blankenship's rights or needs to access his excess legal materials: (1) He was represented by counsel in both *Eberle v. Wilkinson* and *Miller v. Wilkinson*, and Brian Mann whom he was assisting was also eventually represented; (2) He did not complain of missing a deadline, having to ask for an unwarranted number of extensions of time to respond, nor in any way losing his ability to litigate these matters; and (3) He was not permitted to possess another inmate's legal materials anyway, pursuant to ODRC policy 61-PRP-01. (Docs. 84 & 85, Exhibit A,

Addendum B, p.5 at Section F.2.d.; 61-PRP-01, attached as Exhibit B to Docs. 84 & 85). Therefore, Blankenship had no greater need or right to violate RCI regulations by possessing excess legal materials in his cell, and he did not demonstrate injury related to his ability to litigate.

It is evident from the Declaration of Cassie Johnson, his former unit manager at RCI (attached as Exhibit A to Docs. 84 & 85 ), that Blankenship's access to his legal materials was adequate and he failed to demonstrate any instances of harm or threatened harm by Defendants. Accordingly, the undersigned concludes that Defendants did not hinder Blankenship's right to access to the courts, nor even his ability to access his legal materials in excess of the 2.4 cubic foot in-cell locker box storage limit.

> B. *ODRC regulations were reasonably related to a legitimate penological interest*

However, assuming *arguendo* that Plaintiff has a established a constitutional right, the policy and regulations at issue were reasonably related to a legitimate penological interest.

A prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests. *Lewis,* 518 U.S. at 361 (citing *Turner v. Safley*, 482 U.S. 78, 89, (1987)).

Here, prison officials are faced with limited options in dealing with inmate property and storage. Officials have carefully determined what items may remain within a cell but outside of the 2.4 cubic feet locker box, and how excess materials may be stored

in other ways to preserve the rights of the inmates to possess certain materials. Furthermore, the interest of maintaining order in a prison requires that rules are consistently enforced and applied to each inmate. (Docs. 84 & 85, Declaration of Cassie Johnson, Exhibit A, ¶13). Developing excess legal material policies requires the balancing of divergent interests: (1) Inmates need to have a living space free from unmanageable legal paperwork which poses not only an annoyance but also a security risk; (2) Staff must be able to efficiently inspect inmate property; and (3) It is vital to institutional operations that policies are clear and equally applied to all inmates. *Id.* It would cause substantial harm to other inmates and staff if Blankenship were to be singled out for special privileges. Furthermore, on a larger scale, allowing all inmates to possess excessive amounts of legal materials in their cells would place an unmanageable burden on the institution and other inmates.

There is no genuine issue of material fact in dispute, and Defendants are entitled to judgment as a matter of law on Blankenship's claim concerning storage of his legal materials.

## IV.

For the reasons stated above, **IT IS RECOMMENDED THAT** Defendants' motion for partial summary judgment on Blankenship's claim concerning storage of his legal materials (Doc. 207) should be **GRANTED**, and this matter **CLOSED.**

It is further **RECOMMENDED** that the Court certify that any appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).


Date:  April 2, 2010                                       s/Timothy S. Black
                                                           Timothy S. Black
                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON RATCLIFF, *et al.*,

    Plaintiffs,

vs.

ERNIE MOORE, *et al.*,

    Defendants.

Case No. 1:05-cv-582

Spiegel, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).