```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

JASON RATCLIFF, et al.,      :
                             :    NO. 1:05-CV-00582
   Plaintiffs,               :
                             :    **OPINION AND ORDER**
                             :
   v.                        :
                             :
                             :
ERNIE MOORE, et al.,         :
                             :
   Defendants.               :

This matter is before the Court on the Magistrate Judge's April 2, 2010 Report and Recommendation (doc. 218), Plaintiff's Objections (doc. 224), and Defendants' Response (doc. 219). For the reasons stated herein, the Court AFFIRMS and ADOPTS the Report and Recommendation (doc. 218) and GRANTS Defendants' Motion for Summary Judgement (doc. 207).

**I. Background**

Plaintiffs Jason Ratcliff, Darryl Blankenship[1], Jason Hysell, Chris Roy, and Jeff Weisheit, prisoners in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), filed this action pursuant to 42 U.S.C. § 1983, alleging, <u>inter alia</u>, a failure to accommodate their Asatru religious practices and

---

[1] The Court notes that Plaintiff Darryl Blankenship's religious name is Alfar Kynwulf and that he periodically uses that name in his court correspondence. However, for the sake of continuity and to avoid confusion, the Court will continue to refer to Mr. Kynwulf as "Plaintiff Blankenship" or simply "Plaintiff" throughout this order.

challenging the constitutionality of the ODRC's policy regarding excess legal materials. Plaintiffs sought declatory judgment, injunctive relief, and monetary recovery (doc. 1).

On April 24, 2009, this Court granted Defendants' motion to dismiss Plaintiffs' claims for injunctive and declaratory relief concerning religious accommodation; stayed a determination of damages pending the resolution of Plaintiffs' religious accommodation claims in <u>Miller, et al. V. Wilkinson, et al.</u>, Case No. 2:98-cv-275, an earlier-filed class action lawsuit then pending in the Eastern Division of this United States District Court; dismissed Plaintiffs' non-religious accommodations claims pursuant to Fed. R. Civ. P. 12(b)(6); denied Plaintiffs' motion to appoint counsel and to certify class; denied Plaintiff Blankenship's motions for preliminary injunction and partial summary judgement on the access to legal materials claim and Plaintiffs' motions for partial summary judgement on the religious name change and work proscription and "unauthorized group activity" claims; denied Brian Timms' motions to join; and granted Defendants' motion for partial summary judgement on Plaintiff Blankenship's denial of exercise claim (doc. 206). As a result of the Court's April 24, 2009, Opinion and Order, only two issues remained alive in this case: Plaintiff Blankenship's claim of denial of access to the courts due to an allegedly unconstitutional ODRC policy regarding excess legal materials and a determination of damages pending the resolution of

Plaintiffs' religious accommodation claims in Miller.

On April 27, 2009, Defendants moved for summary judgement on Plaintiff Blankenship's access to legal materials claim (doc. 207); Blankenship responded (doc. 210); and Defendants replied (doc. 214). The Magistrate Judge issued his Report and Recommendation regarding Defendants' motion for summary judgement on the legal materials claim, recommending that Defendants' motion be granted and the case dismissed (doc. 218). Plaintiff filed his objections to the Report and Recommendation, and Defendants responded to Plaintiff's objections; the matter is therefore ripe for the Court's consideration.

**II.     The Magistrate Judge's Report and Recommendation & the Parties' Responses**

The Magistrate Judge correctly observed that in order to succeed on a claim alleging a violation of his constitutional right to access to courts, Plaintiff Blankenship must demonstrate an actual injury (doc. 218, citing Lewis v. Casey, 518 U.S. 343, 350-52 (1996)). The Magistrate Judge then noted that the Court had already determined in its April 24, 2009 Opinion that Plaintiff Blankenship had failed to demonstrate that he was actually injured by Defendants' excess materials policy (doc. 218, citing doc. 206). Even if Plaintiff Blankenship had established that he had suffered an actual injury and that he had a constitutional right to have access to his legal materials in excess of the 2.4 cubic foot in-cell locker box storage limit, the Magistrate Judge found that the

ODRC's regulations regarding the storage limit were reasonably related to a legitimate penological interest (Id., citing Lewis, 518 U.S. at 361). Consequently, the Magistrate Judge recommended that Defendants' Motion for Summary Judgement be granted because Plaintiff Blankenship failed to demonstrate that a genuine issue of fact exists with respect to his access to legal materials claim (Id.).

Plaintiff Blankenship raises three objections to the Magistrate Judge's report: first, he notes that the Magistrate Judge failed to address the outstanding damages issue and spoke only to the access to legal materials claim; second, he claims that there are "pending claims of establishing religion and unconstitutional gang...policies"; and third, he notes that he was re-incarcerated on February 23, 2010, so his claim regarding access to legal materials is not moot (doc. 219).

In response, Defendants observe that Plaintiff's objections do not address either of the bases for the Magistrate Judge's decision and that, instead, Plaintiff's "objections" are merely attempts to re-litigate matters decided by the Court in its April 2009 order (doc. 224).

**III.     Discussion**

The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and correct. Plaintiff has failed to show that he suffered an actual injury as a result of the

-4-

ODRC's policy not allowing him to store in his cell legal materials in excess of the 2.4 cubic foot in-cell locker box storage limit. As this Court found in April 2009 when deciding that Plaintiff was not entitled to summary judgement on this claim, Plaintiff failed to demonstrate injury here because he is allowed access to his legal locker box and his cell locker box whenever necessary for litigation (doc. 206, citing doc. 181).  Moreover, because Plaintiff was represented by counsel in the other two lawsuits in which he was involved, his ability to pursue litigation was not hindered by his limited access to in-cell storage of his litigation materials (Id.).  Finally, because it is against ODRC policy to possess the legal materials of another inmate, Plaintiff was not injured by his inability to possess another inmate's materials in excess of his permitted in-cell legal materials (Id.).  In response to Defendants' motion for summary judgement, Plaintiff did not present any evidence showing that a genuine issue of fact exists with respect to whether he suffered actual injury as a result of the storage-limit policy. Consequently, Defendants are entitled to summary judgement on this claim.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Plaintiff's objections are, as Defendants note, not actually objections to the Magistrate Judge's report and recommendation regarding Defendants' motion for summary judgement. The Court will nonetheless address each in turn.  First, Plaintiff

is correct that the issue of damages on his religious accommodations claims was not dismissed by the Court in its April 2009 Opinion and Order but was, instead, stayed pending the outcome in <u>Miller</u>.  Therefore, closing this case at this juncture is not appropriate, as that stay has not been lifted.

However, Plaintiff is <u>not</u> correct in his contention that there are "pending claims of establishing religion and unconstitutional gang...policies."  All of Plaintiffs' non-religious-accommodations claims were dismissed by this Court in its April 2009 Opinion and Order, which adopted the Magistrate Judge's October 1, 2008 Report and Recommendation in its entirety (doc. 206, dismissing, <u>inter</u> <u>alia</u>, "Plaintiffs' non-religious accommodations claims pursuant to Fed. R. Civ. P. 12(b)(6)").  That dismissal expressly addressed and dismissed Plaintiffs' claim that the ODRC unconstitutionally established Abrahamic religions as favored or preferred religions over non-Abrahamic religions such as Asatru as well as the claims that ODRC's rules and polices prohibiting "unauthorized group activity" are selectively enforced against white inmates to suppress and punish disfavored racial, religious and politic beliefs and that the ODRC's Security Threat Group designations violate the Constitution (docs. 174, 206).  The <u>only</u> <u>claim</u> that survived the Court's April 2009 Opinion and Order was the claim regarding access to legal materials, and, as noted above, the Court stayed the issue of damages pending the outcome of

-6-

Miller. Consequently, Plaintiff Blankenship's second objection to the Magistrate Judge's Report and Recommendation is without merit.

Finally, Plaintiff's third objection, that his legal access claim is not moot because he is re-incarcerated, is well-taken but irrelevant because the Court did not base its opinion on his claim being moot.

**IV. Conclusion**

Having reviewed this matter de novo pursuant to 28 U.S.C. 636(b), the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 218) to the extent it recommends granting Defendants' Motion for Summary Judgement on Plaintiff Blankenship's Injunctive and Declaratory Claim for In-Cell Possession of Legal Materials (doc. 207), and the Court thus GRANTS that motion (doc. 207). The Court DECLINES to issue a certificate of appealability because the Court does not find that Plaintiff has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted). Pursuant to 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal of this Opinion and Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

However, the Court does not find that closing this matter

is appropriate at this stage because the stay on Plaintiffs' damages pending the outcome of <u>Miller</u> has yet to be lifted and that issue has yet to be definitively disposed of.

    SO ORDERED.

Dated: November 5, 2010     <u>/s S. Arthur Spiegel         </u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge